IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Pullins,<br><br>                         Petitioner,<br><br>vs.<br><br> B. Dobbs, Warden,<br><br><br>                         Respondent. | C/A No. 0:19-cv-3492-JFA<br><br><br><br>**ORDER** |

**I.      INTRODUCTION**

Petitioner Demetrius Pullins, proceeding *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be summarily dismissed without prejudice for lack of subject matter jurisdiction. Additionally, the Report recommends the Court terminate Respondent's motion for summary judgment as moot. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

On July 10, 2020, the Magistrate Judge filed the Report and advised Petitioner of his right to object to it by July 24, 2020. Petitioner timely filed objections. Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the relevant factual background is necessary to analyze the objections. Petitioner was indicted in the United States District Court for the Northern District of Georgia for possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e). The indictment charged that Petitioner was previously convicted of two felony offenses—a 1994 state conviction

for possession with intent to distribute cocaine and a 1996 federal conviction for possession of a firearm by a felon which were both punishable by imprisonment for terms exceeding one year. Additionally, the Government notified Petitioner of a third prior felony offense in a notice filed pursuant to 21 U.S.C. § 851, indicating that Petitioner had a second 1994 state conviction for possession with intent to distribute.

On February 27, 2014, Petitioner pled guilty to the first and third counts of the indictment. Petitioner was sentenced to 250 months' imprisonment as to each count, to run concurrently, and five years' supervised release. Petitioner did not file a direct appeal. In 2018, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 which was denied as untimely.

Now, Petitioner files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that his conviction for felon in possession should be vacated. Petitioner argues that a recent Supreme Court decision, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies retroactively on collateral review and represents a fundamental defect and requires this Court to vacate his conviction and sentence. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. 922(g), the Government must prove that the defendant knew he possessed a firearm and that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm.[2] Additionally, he asserts that his guilty plea was not knowingly or intelligently entered because he was not aware at the time that the Government had to prove Petitioner knew he belonged to the category of individuals prohibited from possessing a firearm.

---

[2] This case reversed prior precedent in the United States Court of Appeals for the Eleventh Circuit that held the Government did not need to prove the knowledge-of-the status element.

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction or sentence under § 2241, <u>unless</u> he can satisfy the § 2255 savings clause. 28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a §2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019). A petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of the petitioner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Wheeler*, 886 F.3d at 427 (citing *Jones*, 226 F.3d at 333–34). The failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived. *Id.* When "evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Because Petitioner was convicted in the Northern

District of Georgia, the Court will apply the substantive law of the Eleventh Circuit Court of Appeals to analyze the petition.

The Report concluded that Petitioner satisfied the first and third prongs of the *Jones* savings clause test. However, the Report found that Petitioner failed to satisfy the second prong of the *Jones* test which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prison was convicted is deemed not criminal." 226 F.3d at 334. The Eleventh Circuit Court of Appeals has held that *Rehaif* only clarified what the government needed to prove to secure a conviction under 18 U.S.C. § 922(g), and possession of a firearm by a felon remains illegal. In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Accordingly, the Report recommends that the petition be dismissed for lack of subject matter jurisdiction.

Petitioner objects to the Report's conclusion and asserts that the Court committed a *Rehaif* error during sentencing and this resulted in a fundamental defect in his conviction and sentence. Petitioner cites to *U.S. v. Gary*, 954 F.3d 194 (4th Cir. 2020) and *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020) for support. However, *Lockhart* nor *Gary* are applicable in this case because this Court is required to apply the substantive law from the Eleventh Circuit.

Instructively, in *Capalbo v. Antonelli*, the district court adopted the Report and Recommendation finding that petitioner could not meet the second prong of the *In re Jones* test based on a purported *Rehaif* error because petitioner's conduct was still criminal under § 922(g) in the Eleventh Circuit. 2020 WL 3496641, at 3 (D.S.C. June 29, 2020). The petitioner in *Capalbo* also attempted to object based on *Gary* and the Court overruled the

objection because it found Eleventh circuit substantive law applied. The Court finds that Petitioner cannot demonstrate that *Rehaif* rendered his possession of a firearm not criminal and as such, he has not met the second prong of the *Jones* test. Because Petitioner has not met the savings requirements set forth in *In re Jones*, the Court does not have jurisdiction pursuant to 28 U.S.C. § 2241 to entertain Petitioner's other arguments regarding whether he entered into his plea agreement knowingly and voluntarily.

Therefore, the Court adopts the Report and Petitioner's objection is overruled because he cannot satisfy the savings clause.

IV.     **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 50). Petitioner's petition is dismissed (ECF No. 1) and Respondent's motion for summary judgment (ECF No. 14) is terminated as moot. Further, because Petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied. 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

August 10, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge